RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/18/15
    yT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CAREY LOUIS HOOD (#299810)    DOCKET NO. 1:15-CV-1026; SEC. P

VERSUS    JUDGE DRELL

WARDEN    MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed by pro se Petitioner Carey Louis Hood[1], pursuant to 28 U.S.C. §2254. Hood is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Hood is attacking his convictions and sentences in the Louisiana Ninth Judicial District Court, on one count of simple escape and one count of possession of cocaine. A habitual offender bill was filed against Hood, to which he pleaded not guilty and was adjudicated a fourth felony offender. He was sentenced to a total of forty years imprisonment.

Petitioner previously filed a petition for writ of habeas corpus filed pursuant to §2254 in this Court. The petition was

---

[1] Hood mentions that he was barred by the Fifth Circuit from filing "any lawsuit." [Doc. #4] However, a review of the order of the Fifth Circuit Court of Appeals indicates that Hood may not proceed *in forma pauperis* in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. [Docket No. 13-30592] The order was issued because Hood had accumulated three strikes under §1915(g). Hood did not seek leave to proceed *in forma papueris* in this case. Moreover, the Fifth Circuit has held that the PLRA requirements, such as §1915(g), do not apply to habeas petitions under §2254.

dismissed on the merits. See Hood v. Warden, Civil Action No. 10-cv-850, 2011 WL 4551462 (W.D.La. 9/29/11).

## Law and Analysis

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id. The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999), citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first petition was dismissed on the merits. Hood v. Warden, Civil Action No. 10-cv-850, 2011 WL 4551462 (W.D.La. 9/29/11). Therefore, this petition is successive. See Graham v.

Johnson, supra. Petitioner has not yet applied for or received permission from the Court of Appeals to file this successive petition in the District Court.

In re: Epps, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive habeas corpus petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive habeas petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

**Therefore, IT IS RECOMMENDED** that Petitioner's second and successive petition for writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the

provisions of 28 U.S.C. §2244(b).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** in Alexandria, Louisiana, on this 18th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE